**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>*ex rel*. Paul A. Cimino<br><br>           Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>           Defendant. | Case No. 1:13-cv-00907-APM |

**AGREED PROTECTIVE AND CONFIDENTIALITY ORDER**

      Relator, Paul A. Cimino ("Relator" or "Cimino") and Defendant International Business Machines Corporation ("Defendant" or "IBM"), through their counsel of record, desire to enter into an agreement relating to the confidentiality of documents and other information that may be disclosed in the above-entitled and numbered action (the "Litigation"). To facilitate discovery and protect the interests of the Parties, as well as the United States and any third parties who participate in discovery in the Litigation, the Parties agree to the entry of this Protective and Confidentiality Order (the "Order"). Upon consideration of the Parties' application for an Agreed Protective and Confidentiality Order, and for good cause shown, it is hereby ordered as follows:

      1.    This Order shall apply to the Litigation. The terms and conditions of this Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and all other information produced, given, or exchanged by and among any and all of the Parties and/or non-parties to this Litigation in connection with discovery or voluntary exchange of information in this Litigation ("Discovery Material").

1

2. Discovery Material may include "Government Possessed Items" and/or "Derivative Materials" as defined in Confidentiality Order filed in the Litigation on March 12, 2015, ECF 13. Government Possessed Items and Derivative Materials shall continue to be subject to the March 12, 2015 Confidentiality Order and shall also be subject to this Order as applicable.

3. The term "Designating Party" as used herein shall mean the person or Party who designates any Discovery Material under this Order. The term "Receiving Party" as used herein shall mean the person or Party who receives any Discovery Material under this Order.

4. The Designating Party shall have the right to designate any Discovery Material as "Confidential" if such Discovery Material may contain or reflect non-public, confidential, proprietary, financial, or commercially or legally sensitive information ("Confidential Material").

5. Confidential Material shall be designated as follows:

   a. In the case of documents, designation shall be made by placing the legend "Confidential" on each page prior to production and/or including a "Confidential" legend in the electronic data or file title for documents produced in an electronic form.

   b. In the case of written discovery responses, designation shall be made by placing the legend "Confidential" immediately preceding the response or responses that contain Confidential Material.

   c. In the case of depositions, designation of the transcript or the portion of the transcript (including exhibits) that contain Confidential Material shall be made by a statement on the record during the course of the deposition as to which portion(s) are being designated, or by a statement in writing sent to all counsel of record within fifteen business days after the Designating Party's receipt of the transcript of the deposition. If the designation is made during the course of the deposition, the reporter attending such

deposition shall place the legend "Contains Confidential Material" on the cover of the transcript. If the designation is made after receipt of the transcript, the Designating Party shall identify by page and line which portions of the transcript contain Confidential Material. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further court order.

6. If any Party wishes to file with the Court in this Litigation any affidavits, briefs, memoranda of law, or other documents containing or referring to Confidential Material (the "Filing Party"), the Filing Party must seek to file the Confidential Material under seal under Federal Rule 5.2 and Local Rule 5.1. However, absent statutory authority, no case or document may be sealed without an order from the Court. Where the Filing Party intends to file Confidential Material for which it is not the Designating Party, the Filing Party must give 10 days prior notice to the Designating Party, specifying the Confidential Material it intends to file. Unless the Designating Party agrees to withdraw the Confidential designation, the parties will jointly seek a provisional sealing order for the Confidential Material prior to or contemporaneously with the proposed filing. The Designating Party will then have 10 business days to seek further sealing of the Confidential Material. Provisionally sealed Confidential Materials will remain provisionally sealed until the Court rules on the Designating Party's motion for further sealing. If the Designating Party fails to seek a further sealing order for provisionally sealed materials within 10 business days the provisional sealing order shall be automatically lifted. The document(s) filed under seal shall contain a conspicuous notation that states "DOCUMENT UNDER SEAL" or "DOCUMENTS SUBJECT TO PROTECTIVE ORDER," or the equivalent. The Filing Party shall serve all documents filed under seal, independently of the Court's electronic filing system, upon all counsel of record by electronic mail.

7. In order to avoid the sealing of records, the Filing Party may elect to redact the portions of the document that constitute Confidential Material, which will not waive the Confidential Material's designation with respect to the redacted material. Where the Filing Party seeks to file Confidential Material for which it is not the Designating Party, the Filing Party may redact the portions of the document that constitute Confidential Material with the agreement of the Designating Party that the Confidential Material may be filed in such a redacted form. An agreement by the Designating Party that the Filing Party may file a redacted version of the Confidential Material does not waive the Confidential Material's designation with respect to the redacted material. Where redacted Confidential Material has been filed with the Court, either Party may provide un-redacted copies of the Confidential Material to the Court for an in camera review without waiving the Confidential Material's designation with respect to the redacted material.

8. If any Party elects to challenge the designation of any Discovery Material as Confidential Material, such Party (the "Challenging Party") shall identify the challenged Discovery Material in writing and shall then confer in good faith with the Designating Party to determine whether an agreement regarding the designation can be reached. If no agreement can be reached at the conference, the Challenging Party shall have thirty business days following the parties' conference to file a motion with the Court to challenge the confidentiality designation. A Party shall not be obligated to challenge the propriety of a designation of any Discovery Material as Confidential Material at the time the designation is first made, and a failure to do so shall not preclude a subsequent challenge thereto.

9. Notwithstanding any challenge to the designation of material as Confidential Material, all Discovery Material designated as Confidential shall be treated as Confidential Material unless and until one of the following occurs:

  a. the Designating Party withdraws such designation in writing;

  b. the Court rules that the Discovery Material is not Confidential Material; or

  c. the Confidential Material becomes public through no fault of the Receiving Party.

10. Confidential Material may be disclosed only to the following persons:

  a. outside counsel of record in this Litigation and attorneys, paralegals, and other support staff employed by such counsel and who are responsible for managing this Litigation;

  b. the named Parties to this Litigation, and any officers, directors, agents, or employees of the named Parties who are responsible for managing this Litigation or who are participating in the Litigation as witnesses;

  c. any witness who is documented as having authored or received the Confidential Material prior to the Litigation;

  d. the Court, court personnel, court reporters (including stenographers and video technicians), and the jury in this Litigation;

  e. copy services, document-imaging services, litigation-support services, and database-coding services employed in connection with this Litigation;

  f. experts or consultants, and employees of such experts or consultants, retained by any Party or attorney to assist with the Litigation; and

  g. any mediator agreed upon by the Parties.

11. Persons identified in Paragraphs 10(e), (f), and (g) above shall not be granted access to Confidential Material until such persons have read this Order and agreed to be bound by its provisions as set forth in the Agreement to Maintain Confidentiality attached hereto as Exhibit A.

Counsel for the Party providing such persons with access to Confidential Material shall be responsible for maintaining copies of the Agreement to Maintain Confidentiality executed by them, and shall make such copies available in the event of an alleged breach of confidentiality if so ordered by the Court.

12. Notwithstanding Paragraphs 10 and 11, Government Possessed Items and Derivative Materials may not be disseminated other than as described in the March 12, 2015 Confidentiality Order without prior written approval by counsel for the United States. In the event counsel for the United States provide approval for further dissemination of Government Possessed Items and Derivative Materials, those Government Possessed Items and Derivative Materials will be treated as Confidential Materials subject to this Order or handled as otherwise agreed by the Parties and counsel for the United States.

13. All information designated as Confidential Material shall be used or disclosed solely for the purpose of this Litigation and in accordance with the provisions of this Order. Such Confidential Material shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose except by Court order or as otherwise required by law.

14. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States Department of Justice to disclose to any agency or department of the United States, or any division of any such agency or department, Confidential Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any Confidential Material by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the Confidential Material consistent with the terms of

this Order.

15. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States Department of Justice to provide Confidential Material to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Confidential Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party of the Congressional entity's request and the United States Department of Justice's response thereto.

16. Nothing in this Order shall prevent a Designating Party, in good faith, from later designating Discovery Material that already has been produced without a confidentiality designation as Confidential Material, provided that the Designating Party promptly advises the Party or Parties to whom the production was made that it has designated the Discovery Material as Confidential Material.  If Discovery Material is appropriately designated as Confidential Material after the Discovery Material was initially produced, the Receiving Party must make reasonable efforts to ensure that the Discovery Material is thereafter treated in accordance with the provisions of this Order.

17. In the event that any person not named in Paragraph 10 requests the disclosure of Confidential Material through subpoena or other compulsory process, the Party receiving such subpoena or compulsory process shall give notice in writing to counsel for the Designating Party identifying the information sought and enclosing a copy of the subpoena or compulsory process. Such notice shall be delivered by email at least fourteen days prior to the proposed disclosure but, if the request for disclosure is received less than fourteen days prior to the proposed disclosure, notice shall be given immediately by email and/or overnight delivery service.  The Designating

Party shall have the sole responsibility to obtain a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process. In the event that the Designating Party (i) advises the Party receiving the subpoena or compulsory process that the Designating Party intends to promptly move for such an order and (ii) so moves prior to the proposed production date, the Party receiving the subpoena or compulsory process shall not produce any Confidential Material until such motion is resolved unless otherwise ordered to do so by the court or authority from which the subpoena or compulsory process was issued.

18. In the event of a request by a third party to the United States (excluding Congress or an agency of the United States) for disclosure of Confidential Material, the United States will protect the information from disclosure to the fullest extent permitted by law and will give the Designating Party as much notice as is practicable prior to the disclosure of designated Confidential Material to a third party who requests disclosure under any provision of law so that the Designating Party will have the opportunity to object or to otherwise seek relief against production of the information it has designated pursuant to this Protective Order.

19. If Confidential Material is inadvertently disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party and make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

20. This Order, insofar as it restricts the communication and use of Confidential Material shall continue to be binding throughout and after the conclusion of this Litigation, including any appeals. After final termination of this Litigation, the outside counsel for a Party may (but is not required to) retain one copy of deposition transcripts and exhibits, Court transcripts

and exhibits, and documents and other materials submitted to the Court. Any such retained documents shall continue to be treated in accordance with this Order. Nothing herein shall require the return or destruction of a Party's own attorney work product. Upon written notice of counsel, within thirty days after final termination of this Litigation, counsel for the Parties shall return or destroy all Confidential Information other than as may be retained under this Paragraph. Notwithstanding the foregoing, at the conclusion of the Litigation, Government Possessed Items and Derivative Materials shall be treated in accordance with the March 12, 2015 Confidentiality Order.

21. At the close of the litigation, all Confidential Material received by the United States Department of Justice under this Order will be returned or destroyed in accordance with Paragraph 20 unless provided to an agency of the United States in accordance with Paragraph 14 of this Order for use specified in that Paragraph or provided to a Congressional entity in accordance with Paragraph 15 for use specified in that Paragraph ; provided, however, that the United States is entitled to maintain archival material as needed for its official file.

22. Nothing in this Order shall be construed to be an admission of relevance or to affect in any way the admissibility of any document, testimony, or other evidence in this Litigation. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

23. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as attorney work-product or by reason of any other applicable privilege, protection, or immunity, including without limitation the attorney-client privilege, and no Party shall be deemed to have waived any rights by such inadvertent production. If a claim of inadvertent production is made pursuant to this

paragraph with respect to information then in the custody of another Party, such Party shall immediately return, sequester, or destroy that Discovery Material as to which the claim of inadvertent production has been made and all copies thereof (including any and all copies from any litigation-support or other database) and all notes or other work product reflecting the contents of such Discovery Material, and shall not use such information for any purpose. Nothing in this paragraph shall limit a Party's ability to challenge any assertion of privilege, other than on the basis that the Discovery Material was inadvertently produced.

24. This Order may be amended only by written agreement of counsel for the Parties hereto or upon a motion seeking relief from or modification of this Order from the Court. Nothing in this Order shall be construed to prevent any Party or third party from seeking further protections regarding confidentiality as it deems appropriate, or to prevent the Parties from seeking relief from this Order.

25. Nothing in this Order shall affect any privilege or right which any Party might otherwise have against the discovery of any materials sought by any Party hereto. Notwithstanding this Order, any Party may move the Court for an order imposing additional restrictions upon discovery, including, but not limited to, an order that the discovery not be had.

SO ORDERED this _____ day of _____ 2022

_____
PRESIDING JUDGE

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>  *ex rel*. Paul A. Cimino<br><br>             Plaintiff,<br><br>       v.<br><br>INTERNATIONAL BUSINESS MACHINES<br>CORPORATION,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)   Case No. 1:13-cv-00907-APM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I have reviewed and agree to be bound by the terms of the Agreed Protective and Confidentiality Order in the above-styled lawsuit (the "Litigation"). I understand that (1) I am to make no copies of any Confidential Material except as necessary for use in the Litigation and (2) Confidential Material and any copies thereof must remain in my custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Material. I agree not to disseminate any information derived from such Confidential Material to anyone, or make any disclosure of any such information, except for the purpose of the above-captioned Litigation or as permitted by the Agreed Protective and Confidentiality Order or by further order of the Court. I agree to submit to the personal jurisdiction of the United States District Court of the District of Columbia for all matters related to the enforcement of this Order against me.

Signature: _____

Print Name: _____

Date: _____

13